# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JARVIS BROWN and BENELLE BROWN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | |
| | ) | **NO. 1:17-CV-02748-CAP** |
| **JARED EDWARDS and ATS SPECIALIZED, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' REQUESTS TO CHARGE

COME NOW, Jarvis Brown and Benelle Brown ("Plaintiffs") and hereby submit to the Court the attached Requests to Charge. Plaintiffs respectfully request that this Court give the following jury charges/instructions to the jury. Each of the said requests is to be considered separately.

Respectfully submitted, this 5th day of June, 2018.

THE MURRY LAW GROUP, P.C.

By:  /s/ Dorian Murry
**DORIAN MURRY**
Georgia Bar No. 532447

5300 Memorial Drive
Suite 130
Stone Mountain, GA 30083
Phone: 770.450.0123
Email: dm@murrylawgroup.com

**HILL DUVERNAY & ASSOCIATES LLC**

By:    /s/ Candace Alynn Hill Duvernay
       **CANDACE ALYNN HILL DUVERNAY**
       Georgia Bar No. 849535

PO Box 1397
Jonesboro, GA 30237
Phone:  770.692.8481
Email:  candace@hillduvernay.com


**ATTORNEYS FOR PLAINTIFFS**

# REQUEST TO CHARGE NO. 1

## *TORTS INTRODUCTION*

The case before you is a tort case one in which the plaintiffs must prove by a preponderance of the evidence that the negligence of the defendants, if any, was a proximate cause of the injuries to the plaintiffs.

**Authority:**  1 Ga. Jury Instructions - Civil § 60.001

## REQUEST TO CHARGE NO. 2

### *TORTS; ORDINARY NEGLIGENCE (ORDINARY DILIGENCE)*

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

**Authority:**  1 Ga. Jury Instructions - Civil § 60.010

## REQUEST TO CHARGE NO. 3

### *TORT DAMAGES; PRELIMINARY INSTRUCTIONS*

Damages are given as pay or compensation for injury done.  When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

**Authority:**  1 Ga. Jury Instructions - Civil § 66.001

## REQUEST TO CHARGE NO. 4

### *TORT DAMAGES; EXPENSES; GENERALLY; MEDICAL EXPENSES*

In all cases, necessary expenses resulting from the injury are a legitimate item of damages. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

**Authority:**  1 Ga. Jury Instructions - Civil § 66.040

# REQUEST TO CHARGE NO. 5

## *DAMAGES – COLLATERAL SOURCE*

In all cases, necessary expenses resulting from the injury are legitimate items of damages.

In this case, the plaintiffs are seeking to recover for medical expenses which they contend were incurred as a proximate result of this occurrence.

It is not your duty to consider whether the Plaintiffs bills are still outstanding or whether the bills have been paid by the Plaintiffs, the Defendant, or some other entity.  That is not for you to consider or to take into account.

You will look to the evidence and the law as given you in this charge, and if you find that the plaintiffs are entitled to recover damages, you are authorized to include their medical expense in your verdict.

**Authority:**  O.C.G.A. 51-12-7

## REQUEST TO CHARGE NO. 6

### *OTHER PAYMENT OF DAMAGES NOT RELEVANT*

If you determine that the plaintiffs are entitled to recover damages, you should not speculate about whether they have been compensated in whole or in part by any other source for any of the damages you find. It would not be proper for you to reduce any damages you find based upon speculation about other sources of payment that may or may not exist.

With that in mind, I charge you that it is your duty, if you find that the Plaintiffs are entitled to recover damages under the evidence and the law given you in charge by the Court, to return a verdict for all of the damages you find that they have suffered.

**Authority:**  Brown v. Southern Aggregates Co., 207 Ga. App. 886

Mobley v. Wright, 253 Ga. App. 335

## REQUEST TO CHARGE NO. 7

### *PROOF OF ONE NEGLIGENT ACT SUFFICIENT*

The plaintiff must prove that the defendant was negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that the defendant was negligent in every way that the plaintiff claims. If you find no negligence at all on the part of the defendant, then the plaintiff's case against the defendant ends.

**Authority:**  1 Ga. Jury Instructions - Civil § 60.060

General Seat Manufacturing Company v. Bergen, 91 Ga. App. 431 (1955)

## REQUEST TO CHARGE NO. 8

### *TORTS; NEGLIGENCE PER SE*

The plaintiff contends that the defendant violated certain laws or ordinances. Specifically, plaintiff contends that defendant violated the traffic laws by making an improper lane change, following too closely, and driving while distracted.  Such violation is called negligence per se, which means negligence as a matter of law. It is your duty to decide whether such violation took place or not.

**Authority:**  1 Ga. Jury Instructions - Civil § 60.050

Ford Motor Co. v. Carter, 141 Ga. App. 371 (1977)

**REQUEST TO CHARGE NO. 9**

***NEGLIGENCE PER SE:  IMPROPER LANE CHANGE***

The Official Code of Georgia, Section 40-6-123 provides as follows:

No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

If you find that this statute was violated the violation would constitute negligence per se or negligence as a matter of law.

**Authority:**  O.C.G.A. § 40-6-123

# REQUEST TO CHARGE NO. 10

## *NEGLIGENCE PER SE:  FOLLOWING TOO CLOSELY*

The Official Code of Georgia, Section 40-6-49 provides as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic  upon and the condition of the highway."

"Vehicles which approach from the rear of any vehicle or vehicles stopped or slowed to make a lawful turn shall be deemed to be following for purposed of this Code Section."

If you find that this statute was violated the violation would constitute negligence per se or negligence as a matter of law.

**Authority:**  O.C.G.A. § 40-6-49

# REQUEST TO CHARGE NO. 11

## *NEGLIGENCE PER SE:  DISTRACTED DRIVING*

The following statute was a valid and existing law governing the flow of traffic on highways at the date and place of the collision involved in this litigation:

O.C.G.A. §40-6-241:

A driver shall exercise due care in operating a motor vehicle on the highways of this state and shall not engage in any actions which shall distract such driver from the safe operation of such vehicle.

If you find that this statute was violated, the violation would constitute negligence per se or negligence as a matter of law.

**Authority:**  O.C.G.A. §40-6-241

## REQUEST TO CHARGE NO. 12_____

### *REAR END COLLISION - NEGLIGENCE INFERRED*

When a driver is hit from the rear and the driver who hits the lead car contends that he was not guilty of negligence, the question is for the jury.   But, such evidence is in and of itself sufficient to sustain the inference of negligence on the part of the driver who hit the lead car, if the jury believes such to have been the fact, and if other evidence does not demand a contrary conclusion.

**Authority:**  Cagle v. Ameagke Contractors, 434 SE 2d 546

# REQUEST TO CHARGE NO. 13

## *MOTOR VEHICLES; SPEED AND CONTROL; GENERALLY*

No person shall drive a vehicle at a speed greater than is reasonable and careful under the conditions and having regard for the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching and traversing a hillcrest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

**Authority:**  1 Ga. Jury Instructions - Civil § 42.010

O.C.G.A. § 40-6-180

# REQUEST TO CHARGE NO. 14

## *CARRIERS; COMMON CARRIERS; DEFINITIONS*

A "carrier" is a person who undertakes the transporting of goods or passengers for compensation. A "common carrier" is a person who undertakes to carry, and holds himself/herself out as ready to receive for carriage, goods for hire which the person is accustomed to carry or passengers for hire without discrimination as long as there is room.

# REQUEST TO CHARGE NO. 15

## CARRIERS; DILIGENCE REQUIRED OF EACH

Carriers are required to exercise ordinary care. However, common carriers are bound to exercise extraordinary care. In cases of loss, the presumption of law is against them, and they shall be liable unless the loss was caused (occasioned) by an act of God or the public enemies of the state.

**Authority:**  1 Ga. Jury Instructions - Civil § 10.030

O.C.G.A. § 46-9-1

Empire Aluminum Corp. v. SS Korendijk, 391 F. Supp. 402 (1973)

# REQUEST TO CHARGE NO. 16

## *TORTS; IMPUTED NEGLIGENCE; GENERALLY*

For the negligence of one person to be properly placed upon another, the negligent person must be the agent of the person to whom it is attributed.

**Authority:**  1 Ga. Jury Instructions - Civil § 60.171

O.C.G.A. § 51-2-1(a)

# REQUEST TO CHARGE NO. 17

## *TORT DAMAGES; EARNINGS, PAST; LOSS OF*

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and (the amount that may be recovered) (its measure) is the value of the earnings that the evidence shows with reasonable certainty the plaintiff has lost as a result of the injury. You may consider what the plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the plaintiff does, and similar matters. There must be some evidence before you as to the plaintiff's loss.

**Authority:** 1 Ga. Jury Instructions - Civil § 66.100

## REQUEST TO CHARGE NO. 18

### *TORT DAMAGES; EARNINGS; LOSS OF FUTURE EARNINGS*

If you find that the plaintiff's earnings will be permanently (reduced) (destroyed), lost future earnings--just like lost past earnings--are to be determined on the basis of the earnings that the plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

**Authority:** 1 Ga. Jury Instructions - Civil § 66.201

# REQUEST TO CHARGE NO. 19

## *TORT DAMAGES; CONSORTIUM*

A married person has a right to recover for the loss of consortium, sometimes called loss of services, of the spouse. You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from marriage. There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

**Authority:** 1 Ga. Jury Instructions - Civil § 66.400

# REQUEST TO CHARGE NO. 20

## *TORT DAMAGES; PAIN AND SUFFERING; GENERALLY; MENTAL*

(a) Generally

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

(b) Mental

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

**Authority:**  1 Ga. Jury Instructions - Civil § 66.501

## REQUEST TO CHARGE NO. 21

### *TORT DAMAGES; PAIN AND SUFFERING; FUTURE*

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

**Authority:**  1 Ga. Jury Instructions - Civil § 66.503

Respectfully submitted, this 5th day of June, 2018.

**THE MURRY LAW GROUP, P.C.**

By:   /s/ Dorian Murry         
**DORIAN MURRY**
Georgia Bar No. 532447

5300 Memorial Drive
Suite 130
Stone Mountain, GA 30083
Phone: 770.450.0123
Email: dm@murrylawgroup.com

**HILL DUVERNAY & ASSOCIATES LLC**

By:   /s/ Candace Alynn Hill Duvernay   
**CANDACE ALYNN HILL DUVERNAY**
Georgia Bar No. 849535

PO Box 1397
Jonesboro, GA 30237
Phone:  770.692.8481
Email:  candace@hillduvernay.com

**ATTORNEYS FOR PLAINTIFFS**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JARVIS BROWN and BENELLE BROWN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | |
| | ) | **NO. 1:17-CV-02748-CAP** |
| **JARED EDWARDS and ATS SPECIALIZED, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 5th day of June, 2018, served counsel for the

opposing party in the foregoing matter with a copy of **PLAINTIFFS'**

**REQUESTS TO CHARGE** electronically via CM/ECF Filer or email as follows:

Mr. Michael David Hostetter
Nall & Miller LLP
North Tower, Suite 1500
235 Peachtree Street NE
Atlanta, GA 30303-1418
mhostetter@nallmiller.com

/s/ Dorian Murry
DORIAN MURRY
Georgia Bar No. 532447

5300 Memorial Drive, Suite 130
Stone Mountain, GA 30083
Phone: 770.450.0123
Email: dm@murrylawgroup.com